United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEMAR LLEWELLYN,
Petitioner,
v.
U.S. ATTORNEY GENERAL, *et al*.,
Respondents.

Case No. 1:26-cv-05362 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

This habeas action concerns the detention of Petitioner Kemar Llewellyn, a noncitizen who has lived in the United States for nearly ten years. He was re-detained by ICE in November 2025 to await the outcome of his removal proceedings, which remain ongoing. For the reasons explained below, the petition is GRANTED.

## I. BACKGROUND

Petitioner is a citizen of Jamaica who entered the United States in May 2016 on a B2 tourist visa. Dkt. No. 6-1 at 2. His visa expired in November 2016. *Id*. Following his entry, Petitioner married a United States citizen, whom he shares two children with. *See* Dkt. No. 9-1 at 7. His wife filed a Form I-130 Petition for Alien Relative on his behalf, which was approved in February 2020. Dkt. No. 6-1 at 2. Following its approval, he submitted an Application to Register for Permanent Residence and Adjust Status, which remains pending with USCIS. *Id*.

In November 2018, Petitioner was arrested for battery. *Id*. at 3. Following his arrest, DHS opened removal proceedings against him, charging him as inadmissible under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. Dkt. No. 6-2 at 1. ICE subsequently took him into custody. *See* Dkt. No. 6-3 at 1. He was released by an Immigration Judge on a $4,000 bond roughly a

month later. *Id*. The battery charge was later dismissed. *See* Dkt. No. 9-1 at 7.

Petitioner was arrested for burglary in November 2025 and was transferred to ICE custody following his release from county jail. Dkt. No. 6-1 at 2. Charges against Petitioner were dropped. *See* Dkt. No. 9-1 at 7–8. Despite charges being dropped and Respondents' assertion that Petitioner is detained under 8 U.S.C. § 1226(a)—which entitles detained individuals to a bond hearing—Petitioner did not receive a hearing until nearly nine months after his arrest.

At the hearing which took place in August 2026, the Immigration Judge denied release, placing the burden on Petitioner to show that he was neither a flight risk nor danger to the community. *See id*. at 15. The IJ first determined that Petitioner was not a danger to the community because both criminal charges against him had been dropped. *Id*. at 15–16. However, he denied release finding that Petitioner "would be a flight risk such that no amount of bond or alternative conditions would ensure his continued participation in removal proceedings." *Id*. at 16.

Petitioner has now been detained for nearly a year without receiving any decision in his removal proceedings. Indeed, the EOIR docket does not even have a hearing scheduled. During this time, Petitioner's health has deteriorated. He claims that since entering detention, he has lost the use of his legs and is confined to a wheelchair, and he has been hospitalized on at least one occasion. *See* Dkt. No. 9 at 2; Dkt. No. 10-2 at 1.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

United States District Court
Eastern District of California

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his continued detention violates his Fifth Amendment Right to due process. Respondents oppose relief, arguing first that he was lawfully detained under 8 U.S.C. § 1226(a), and has been provided all the process afforded by that statute. Dkt. No. 6 at 3. They further argue that Petitioner should be required to exhaust his administrative remedies by challenging his bond determination in immigration court. *Id*. at 4. The Court first addresses exhaustion before turning to the merits of Petitioner's due process claim.

### A. Exhaustion

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). As the Ninth Circuit has explained:

> Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of exhaustion, "there are a number of exceptions to the general rule[,] … such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

An exception applies to Petitioner's due process claim. Petitioner is not challenging the IJ's bond findings. *Rufino Ligario Hernandez v. Mark Wayne Mullin, et al.*, No. 5:26-CV-00585-JAK-ADS, 2026 WL 846037, at * 7–8 (C.D. Cal. Mar. 24, 2026) (excusing prudential administrative exhaustion as futile). Rather, he contends that his year-long detention without adequate process violates his Fifth Amendment right to due process. "Because this claim is not

within the jurisdiction of the [Board of Immigration Appeals], requiring administrative exhaustion would be futile." *Rufino Ligario Hernandez*, 2026 WL 846037, at *8; *Yero v. U.S Gen. Att'y*, No. 1:26-CV-04312-DAD-JDP, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026) (excusing exhaustion requirement where due process claim alleged Petitioner was entitled to notice and pre-deprivation process prior to his re-arrest by ICE).

**B. Due Process**

Both parties appear to agree that 8 U.S.C. § 1226(a) controls Petitioner's detention. However, Petitioner contends that his detention pursuant to § 1226(a) is unconstitutional. Importantly, "Petitioner's prior release on $4,000 bond pursuant to § 1226(a) created a protected liberty interest that is inherent in the Due Process Clause." *Ruiz v. Warden Cal. City Det. Ctr.*, No. 1:26-CV-07132 DAD SCR, 2026 WL 2906591, at *3 (E.D. Cal. Sept. 28, 2026), *report and recommendation adopted sub nom. Ruiz v. Warden Cal. City Det. Ctr.*, No. 1:26-CV-07132-DAD-SCR (HC), 2026 WL 3084456 (E.D. Cal. Oct. 15, 2026). The parties' dispute then turns on whether the bond hearing Petitioner received adequately safeguarded that interest.

Though immigration officials may revoke a noncitizens' bond or parole, courts have held that where detention is discretionary under § 1226(a), the Fifth Amendment requires that the noncitizen be provided notice and an opportunity to be heard before that bond or parole can be summarily revoked. *See, e.g.*, *J.C.E.P. v. Wofford*, No. 1:25-CV-01559-EFB, 2026 WL 809865, at *7 (E.D. Cal. March 24, 2026) ("The requirements of due process, of course, supersede statutory and regulatory authority, and numerous courts have held that the Due Process clause entitles a noncitizen to notice and an opportunity to be heard before his parole or bond is summarily revoked under section 1226(b)."); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256, at *2 (E.D. Cal. Sept. 9, 2025) (pre-detention hearing required prior to revocation of the petitioner's release on bond). Here, Petitioner did not receive notice or an opportunity to challenge the basis for revocation of his prior bond until *nine months after* his initial arrest. And though the immigration judge ultimately determined that Petitioner was a flight risk, the judge did not identify what had changed between Petitioner's release in 2018 and his re-

United States District Court
Eastern District of California

detention in 2025 which rendered him a risk.

Respondents' failure to provide Petitioner with notice and an opportunity to be heard at the outset of his detention violated his due process rights under the Fifth Amendment. *See Pena Becerra v. Sparks*, No. 2:26-CV-00212-JNP-DBP, 2026 WL 915439, at *6 (D. Utah Apr. 3, 2026) (granting habeas petition and ordering immediate release for due process violation where bond revoked pursuant to § 1226(b) without a pre-deprivation hearing after government claimed petitioner violated his release conditions when petitioner was arrested for a traffic violation and possession of marijuana); *O.F.C. v. Almodovar*, No. 25-CV-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026). The provision of a bond hearing nine months later did not remedy this due process violation. Accordingly, due process requires Petitioner's release.

*Rodriguez Diaz v. Garland* does not foreclose release as Respondents maintain. *See* Dkt. No. 6 (citing to *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). "[T]he Ninth Circuit did not hold in *Rodriguez Diaz* that noncitizens facing removal under section 1226(a) have no due process right to a pre-detention hearing." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). Rather, it held that the petitioner there was not entitled to a *second* bond hearing or re-allocation of the burden of proof at the hearing. *Id*.; *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) ("*Rodriguez Diaz* addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.") (emphasis in original). Here, Petitioner was living at liberty for eight years following his initial release on bond. This liberty was summarily revoked, and he was detained for nine months before being provided the opportunity to challenge the revocation. Accordingly, Respondents' reliance on *Rodriguez Diaz* is misplaced.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Petition is GRANTED as to Petitioner's due process claim. IT IS HEREBY ORDERED that Respondents immediately release Petitioner from their custody. The Government shall not impose any additional restrictions on Petitioner, unless that is

United States District Court
Eastern District of California

determined to be necessary at a future pre-deprivation and/or custody hearing. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which the Government must show by clear and convincing evidence that he is a flight risk or danger to the community. This Order does not address the circumstances in which the Government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 30, 2026

EDWARD J. DAVILA
United States District Judge